UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OHIO CARPENTERS PENSION FUND and CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>NORFOLK SOUTHERN CORPORATION, ALAN H. SHAW, JAMES A. SQUIRES, MARK R. GEORGE, CLYDE H. ALLISON, JR., THOMAS D. BELL, JR., MITCHELL E. DANIELS, JR., MARCELA E. DONADIO, JOHN C. HUFFARD, CHRISTOPHER T. JONES, THOMAS C. KELLEHER, STEVEN F. LEER, MICHAEL D. LOCKHART, AMY E. MILES, CLAUDE MONGEAU, JENNIFER F. SCANLON, JOHN R. THOMPSON, BOFA SECURITIES, INC., MORGAN STANLEY & CO. LLC, WELLS FARGO SECURITIES, LLC, CAPITAL ONE SECURITIES, INC., FIFTH THIRD SECURITIES, INC., MUFG SECURITIES AMERICA, INC., SIEBERT WILLIAMS SHANK & CO., LLC, SMBC NIKKO SECURITIES AMERICA, INC., CITIGROUP GLOBAL MARKETS, INC., GOLDMAN SACHS & CO. LLC, and U.S. BANCORP INVESTMENTS, INC.,<br><br>        Defendants. | Civil Action No. 23-cv-04068-LAK-SLC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF OHIO CARPENTERS PENSION FUND AND CITY OF PONTIAC REESTABLISHED GENERAL EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ................................................................................................................................ 3

I. OHIO CARPENTERS AND PONTIAC GENERAL SHOULD BE APPOINTED LEAD PLAINTIFF .................................................................................. 3

    A. The PSLRA Standard For Appointing Lead Plaintiff ............................................. 3

    B. Ohio Carpenters and Pontiac General Are the "Most Adequate Plaintiff" ............. 5

        1. Ohio Carpenters and Pontiac General's Motion Is Timely ......................... 5

        2. Ohio Carpenters and Pontiac General Have the Largest Financial Interest ......................................................................................................... 5

        3. Ohio Carpenters and Pontiac General Satisfy Rule 23's Typicality and Adequacy Requirements ...................................................................... 6

            (i) Ohio Carpenters and Pontiac General's Claims Are Typical ......... 6

            (ii) Ohio Carpenters and Pontiac General Will Fairly and Adequately Protect the Interests of the Class ................................ 7

        4. Ohio Carpenters and Pontiac General Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA .................................................... 8

II. OHIO CARPENTERS AND PONTIAC GENERAL'S SELECTION OF COUNSEL MERITS APPROVAL ................................................................................ 10

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
 258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................................................9, 10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
 No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)..........................7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001)....................................................................................................10

*Faig v. Bioscrip, Inc.*,
 No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)..................................6

*Gilbert v. Azure Power Glob. Ltd.*,
 No. 1:22-cv-7432-GHW, 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) ..............................4, 6

*Hom v. Vale, S.A.*,
 No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016).................................6, 7

*Mustafin v. GreenSky, Inc.*,
 No. 18 Civ. 11071 (PAE), 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ..............................10

*Reimer v. Ambac Fin. Grp., Inc.*,
 No. 08 Civ. 411(NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008)....................................10

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
 No. 22 Civ. 6339 (JPC), 2023 WL 3750115 (S.D.N.Y. June 1, 2023)....................................5

*Silverberg v. DryShips Inc.*,
 No. 17-CV-4547 (SJF) (ARL), 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ..................7, 9

*In re VEON Ltd. Sec. Litig.*,
 No. 15 Civ. 8672 (ALC) (OTW), 2022 WL 1284547
 (S.D.N.Y. Apr. 29, 2022)..........................................................................................................7

**Rules & Statutes**

Fed. R. Civ. P. 23................................................................................................................. *passim*

15 U.S.C. § 77z-1(a), *et seq.*............................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.) ..................................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) .................................................................................................11

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
   No. 09-md-2027 (S.D.N.Y.) .................................................................................................11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .............................8, 11

Proposed Lead Plaintiff Ohio Carpenters Pension Fund ("Ohio Carpenters") and City of Pontiac Reestablished General Employees' Retirement System ("Pontiac General") respectfully submit this Memorandum of Law pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of their motion for the entry of an Order: (i) appointing Ohio Carpenters and Pontiac General as Lead Plaintiff in the above-captioned securities class action (the "Action"); (ii) approving Ohio Carpenters and Pontiac General's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class in the Action; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Ohio Carpenters and Pontiac General—two sophisticated institutional investors—respectfully submit that they should be appointed Lead Plaintiff in the Action on behalf of the "Class" consisting of all persons or entities that purchased or otherwise acquired Norfolk Southern Corporation ("Norfolk Southern" or the "Company") senior notes (the "Senior Notes") pursuant, or traceable, or both, to the Company's offerings listed below (the "Offerings"):

| Offering Date | Security | CUSIP | Total Offering Value |
|---|---|---|---|
| August 18, 2020 | 3.155% Senior Notes due 2055 | 655844CH9 | $799,997,000 |
| May 3, 2021 | 2.300% Senior Notes due 2031 | 655844CK2 | $500,000,000 |
| May 3, 2021 | 4.100% Senior Notes due 2121 | 655844CJ5 | $600,000,000 |
| August 16, 2021 | 2.900% Senior Notes due 2051 | 655844CL0 | $600,000,000 |
| February 15, 2022 | 3.000% Senior Notes due 2032 | 655844CM8 | $600,000,000 |
| February 15, 2022 | 3.700% Senior Notes due 2053 | 655844CN6 | $400,000,000 |
| June 2, 2022 | 4.550% Senior Notes due 2053 | 655844CP1 | $750,000,000 |
| January 26, 2023 | 4.450% Senior Notes due 2054 | 655844CQ9 | $500,000,000 |

The Action seeks to recover damages caused by violations of the federal securities laws and to pursue remedies under Sections 11, 12(a)(2), and 15 of the Securities Act, against the

Company, certain of its executive officers and members of the Board of Directors, and certain underwriters for the Offerings (collectively, "Defendants").

Under the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court is required to determine which member or members of the Class have the "largest financial interest" in the relief sought in this litigation, and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii).

For the reasons discussed herein, Ohio Carpenters and Pontiac General submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Ohio Carpenters and Pontiac General incurred **$239,804** in losses as a result of their transactions in Norfolk Southern Senior Notes pursuant or traceable to the Offerings as calculated on a last-in-first-out ("LIFO") basis.[1] Accordingly, Ohio Carpenters and Pontiac General have a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting the largest financial interest, Ohio Carpenters and Pontiac General readily satisfy the relevant requirements of Rule 23 because their claims are typical of those of

---

[1]     A copy of the PSLRA-required Certifications of Ohio Carpenters and Pontiac General, signed by Anthony W. Holbrook as Chairman of Ohio Carpenters, and Sheldon Albritton, as Chairman of Pontiac General, respectively, are attached as Exhibit A to the accompanying Declaration of Francis P. McConville ("McConville Decl."), which sets forth all transactions for Ohio Carpenters and Pontiac General in the Norfolk Southern Senior Notes pursuant or traceable to the Offerings. In addition, a chart reflecting the calculation of Ohio Carpenters and Pontiac General's losses as a result of their transactions in Norfolk Southern Senior Notes pursuant or traceable to the Offerings is attached as Exhibit B to the McConville Decl.

2

all members of the Class and will fairly and adequately represent the interests of the Class. Indeed, Ohio Carpenters and Pontiac General are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a real financial interest in the litigation and have extensive experience supervising the work of outside counsel in securities litigation. *See* Joint Declaration, McConville Decl. Ex. C.  Ohio Carpenters and Pontiac General fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and have amply demonstrated their commitment and ability to fulfill those responsibilities here, including by filing the complaint in the Action.  *See id.*

Finally, the adequacy of Ohio Carpenters and Pontiac General is further established through their selection of experienced class counsel Labaton Sucharow to serve as Lead Counsel for the Class.  Specifically, Labaton Sucharow has been actively developing the claims on behalf of the Class at the direction of Ohio Carpenters and Pontiac General.  Accordingly, Ohio Carpenters and Pontiac General respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## ARGUMENT

**I.      OHIO CARPENTERS AND PONTIAC GENERAL SHOULD BE APPOINTED LEAD PLAINTIFF**

Ohio Carpenters and Pontiac General respectfully submit that they should be appointed Lead Plaintiff because they filed the instant motion in a timely manner, believe they have the largest financial interest in this litigation of any qualified movant, and otherwise satisfy the typicality and adequacy requirements of Rule 23.

**A.      The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA provides a straightforward procedure for selecting a Lead Plaintiff for "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant

to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(l); *see also* 15 U.S.C. § 77z-1(a)(3)(B) (setting forth procedure for selecting Lead Plaintiff). First, Section 27(a)(3)(A)(i) of the Securities Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)  of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(i). In adjudicating a Lead Plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see also Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432-GHW, 2022 WL 17539172, at *2 (S.D.N.Y. Dec. 8, 2022).

4

### B. Ohio Carpenters and Pontiac General Are the "Most Adequate Plaintiff"

#### 1. Ohio Carpenters and Pontiac General's Motion Is Timely

Ohio Carpenters and Pontiac General filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), Ohio Carpenters and Pontiac General, the plaintiffs in the Action, caused notice to be published on *Business Wire* on May 16, 2023, the day the complaint in the Action was filed. *See* Notice, McConville Decl., Ex. D. The notice, in accordance with the PSLRA, indicated that applications for Lead Plaintiff must be made no later than 60 days from the date on which the notice was published, *i.e.*, July 17, 2023. Ohio Carpenters and Pontiac General filed this motion seeking appointment as Lead Plaintiff within this deadline and thus have satisfied the procedural requirements of the PSLRA.

#### 2. Ohio Carpenters and Pontiac General Have the Largest Financial Interest

The PSLRA instructs the court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I). As demonstrated herein, Ohio Carpenters and Pontiac General suffered losses of approximately ***$239,804*** on their relevant transactions in Norfolk Southern Senior Notes pursuant or traceable to the Offerings. *See* McConville Decl., Exs. A & B. To the best of Ohio Carpenters and Pontiac General's knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, Ohio Carpenters and Pontiac General have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, No. 22 Civ. 6339 (JPC), 2023 WL 3750115, at *8

(S.D.N.Y. June 1, 2023) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").

### 3. Ohio Carpenters and Pontiac General Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Gilbert*, 2022 WL 17539172, at *2. At the Lead Plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the Lead Plaintiff's claims are typical and adequate. *See Id.* at *3 ("In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements–typicality and adequacy–are satisfied.").

#### (i) Ohio Carpenters and Pontiac General's Claims Are Typical

Ohio Carpenters and Pontiac General's claims are typical of those of the Class. Typicality is satisfied where the movant's "claims arise from the same conduct from which the other class members' claims and injuries arise." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *6 (S.D.N.Y. Mar. 7, 2016) (citation omitted). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. *Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013).

Here, Ohio Carpenters and Pontiac General have suffered the same injuries arising from the same course of events as all members of the Class, and therefore their legal arguments to prove Defendants' liability are substantively identical. Like all other Class members, Ohio Carpenters and Pontiac General: (i) purchased the Norfolk Southern Senior Notes pursuant or traceable to the Offerings; (ii) in reliance on Defendants' false and misleading statements; and

6

(iii) were damaged as a result. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017*)* (typicality satisfied where "[a]ll of the movants' claims arise out of the course of events alleged in the Complaint and do not differ with regard to how Defendants' liability would be proved"). As such, Ohio Carpenters and Pontiac General satisfy the typicality requirement of Rule 23.

### (ii) Ohio Carpenters and Pontiac General Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class' interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Vale*, 2016 WL 880201, at *6 (citation omitted).

Ohio Carpenters and Pontiac General satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class' claims. *Silverberg v. DryShips Inc.*, No. 17-CV-4547 (SJF) (ARL), 2018 WL 10669653, at *8 (E.D.N.Y. Aug. 21, 2018) (noting investor group's "significant financial interest should ensure vigorous advocacy on behalf of the class.") (internal citation and quotation marks omitted); *see also In re VEON Ltd. Sec. Litig.*, No. 15 Civ. 8672 (ALC) (OTW), 2022 WL 1284547, at *6 (S.D.N.Y. Apr. 29, 2022) (finding that investor's "significant financial interest should ensure his vigorous advocacy on behalf of the class"). Further, Ohio Carpenters and Pontiac General's interests are perfectly aligned with those of the other Class members and are

not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Ohio Carpenters and Pontiac General and other Class members. In addition, Ohio Carpenters and Pontiac General have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely submitted this choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II) and 15 U.S.C. § 77z-1 (a)(3)(B)(v). Finally, there is no proof that Ohio Carpenters and Pontiac General are "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Accordingly, Ohio Carpenters and Pontiac General satisfy the adequacy requirement.

### 4. Ohio Carpenters and Pontiac General Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, Ohio Carpenters and Pontiac General—sophisticated institutional investors—are precisely the type of investors Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34–35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional

investors to be appointed as Lead Plaintiff in securities class actions. *Silverberg*, 2018 WL 10669653, at *4 ("Congress sought to encourage institutional investors and other class members with large amounts at stake to step forward as the ideal lead plaintiffs in private securities litigation.") (citation omitted).

Based on their past experience, Ohio Carpenters and Pontiac General are both well-aware of the Lead Plaintiff's duties, including the responsibility to oversee and supervise the litigation separate and apart from counsel. *See* McConville Decl. Ex. C ¶¶ 2-5, 9, 11. To this end, Ohio Carpenters and Pontiac General have each submitted sworn Certifications and a Joint Declaration attesting to their willingness and ability to fulfill those duties here. *See* McConville Decl. Exs. A & C; *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) ("Groups of plaintiffs are specifically permitted by the PLSRA to be appointed lead plaintiff . . . . Because they have established their ability to act independent of counsel, [the institutional investors] are a proper group and are presumptive lead plaintiffs.").

As set forth in their Joint Declaration, Ohio Carpenters and Pontiac General are sophisticated institutional investors with experience and success in major securities litigation lawsuits and in serving as Lead Plaintiffs alongside other institutional investors. McConville Decl. Ex. C ¶¶ 2-5, 9, 11. They have demonstrated their willingness, resources, and ability to fulfill the Lead Plaintiff's obligations under the PSLRA and their commitment to working cohesively together in the prosecution of this action, including by filing the complaint in this Action. *Id.* ¶¶ 7-13.

Further, while Ohio Carpenters and Pontiac General appreciate that attorneys' fees awarded in this Action, if any, will be set by the Court, they take very seriously their obligation as Lead Plaintiff and plan to coordinate to make sure that any fees requested by attorneys are

reasonable and consistent with those granted in this District previously. *Id.* ¶ 16. Through these measures and others, Ohio Carpenters and Pontiac General have sought to ensure the Class will receive the best possible representation.

In sum, Ohio Carpenters and Pontiac General have demonstrated their willingness, resources, experience, and commitment to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the Class. In other words, Ohio Carpenters and Pontiac General are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA. *See, e.g., Mustafin v. GreenSky, Inc.*, No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing group of three institutions that "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *In re Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutions as Lead Plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel"); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411(NRB), 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (appointing group of institutions that demonstrated they were "cooperating and pursuing the litigation separately and apart from their lawyers").

## II. OHIO CARPENTERS AND PONTIAC GENERAL'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's

choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Ohio Carpenters and Pontiac General have selected Labaton Sucharow to serve as Lead Counsel for the Class. Labaton Sucharow has excelled as Lead Counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton Sucharow served as Lead Counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which Labaton Sucharow served as co-Lead Counsel. Labaton Sucharow also served as co-Lead Counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow presently serves as Lead Counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. E.

Accordingly, the Court may be assured that, by granting Ohio Carpenters and Pontiac General's motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the foregoing reasons, Ohio Carpenters and Pontiac General request that the Court grant their motion and enter an Order: (i) appointing Ohio Carpenters and Pontiac General as Lead Plaintiff; (ii) approving Ohio Carpenters and Pontiac General's selection of Labaton Sucharow as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| DATED:  July 17, 2023 | Respectfully submitted,<br><br>/s/ Francis P. McConville<br><br>**LABATON SUCHAROW LLP**<br>Francis P. McConville<br>Guillaume Buell<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477<br>fmcconville@labaton.com<br>gbuell@labaton.com<br><br>*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*<br><br>**ASHERKELLY, ATTORNEYS AT LAW**<br><br>Cynthia Billings-Dunn (*pro hac vice* forthcoming)<br>25800 Northwestern Highway, Suite 1100<br>Southfield, Michigan 48075<br>Telephone: (248) 746-2747<br>cbdunn@asherkellylaw.com<br><br>*Additional Counsel for Plaintiff City of Pontiac Reestablished General Employees' Retirement System* |